**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,              ) | No. CV11-2070-PHX-SRB |
|                                        ) | CR08-1442-PHX-SRB |
| Respondent/Plaintiff,                  ) | **ORDER** |
|                                        ) | |
| vs.                                    ) | |
|                                        ) | |
| Arturo Rodriguez-Rios,                 ) | |
|                                        ) | |
| Movant/Defendant.                      ) | |
|                                        ) | |

Defendant Arturo Rodriguez-Rios was convicted after a jury trial of Conspiracy to Commit Hostage Taking, Hostage Taking, Possessing, Using and Carrying a Firearm During and in Relation to a Crime of Violence; and Harboring Illegal Aliens for Financial Gain. He was sentenced to a total of 264 months in prison. Defendant's conviction and sentence were affirmed on appeal. On October 24, 2011 the Defendant filed the pending Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (hereinafter "2255 Motion").

Defendant raises four grounds in his 2255 Motion. In Ground One, Defendant asserts ineffective assistance of counsel before trial claiming defense counsel was ineffective during plea negotiations and in his preparation for trial. In Ground Two Defendant claims defense counsel was ineffective in trial. In Ground Three Defendant asserts that his conviction was obtained by prosecutorial misconduct because the prosecutor failed to provide *Brady* material

1  and to correct testimony known to be perjury. Ground Four alleges ineffective assistance of
2  counsel on appeal asserting that trial counsel should have withdrawn as counsel on appeal
3  and should have raised a claim of insufficiency of the evidence in his appeal.

4  The Government has responded in opposition to the 2255 Motion and Defendant has
5  filed a reply.

6  On July 20, 2012 the Magistrate Judge issued her Report and Recommendation
7  recommending that the 2255 Motion be denied. With respect to the claims of ineffective
8  assistance of counsel, the Magistrate Judge found that Defendant failed to establish that
9  counsel was ineffective at the pretrial stage, at trial or on appeal. On Defendant's claim that
10 he is entitled to relief based on government misconduct, the Magistrate Judge concluded that
11 Defendant procedurally defaulted this claim by failing to raise the issue on appeal, by failing
12 to show that the claim could not have been presented on appeal because of later factual
13 development, and by failing to show grounds for excusing the procedural default. Defendant
14 timely filed objections to the Magistrate Judge's Report and Recommendation.

15 In his objections Defendant restates and re-urges the same arguments made in his
16 2255 Motion and reply. He continues to believe that the issue of alleged false statements
17 during the pretrial deposition of a material witness demonstrates prejudice despite the
18 Magistrate Judge's complete and correct explanation of how this could not have been raised
19 during trial when the witness did not lie at trial. Defendant also ignores the Magistrate
20 Judge's recognition that the evidence against Defendant at trial was overwhelming and that,
21 even if there was a way to attempt to impeach this witness with his false deposition
22 testimony, it would have made no difference to the outcome.

23 In order to show ineffective assistance of counsel the Defendant must demonstrate
24 both that counsel's performance fell below an objective standard of reasonableness and that
25 there is a reasonable probability that but for counsel's unprofessional errors the result of the
26 proceeding would have been different. The Court agrees with the Magistrate Judge that
27 Defendant has failed to show either deficient performance at trial or that if counsel had done
28 what Defendant suggests could have been done the result would have been different.

The Court also agrees with the Magistrate Judge's analysis of the alleged failure to present evidence at trial of Defendant's mother's partial payment of Defendant's smuggling fees. As of this date, almost four years after Defendant was arrested and indicted, he still cannot produce any such evidence other than his claim that his mother made such a payment. The trial record reflects that Defendant testified at trial that he was a smuggled alien and that his mother had sent a partial payment of his smuggling fee. He testified that when he arrived in Phoenix the smugglers raised the fee and that he, too, was a victim.

Defendant also objects to the Magistrate Judge's conclusion that it is pure speculation that the Government's plea offer would have been more beneficial had Defendant's counsel known during plea negotiations that one of the material witnesses had lied during the deposition about prior entries into the United States or had evidence of a smuggling fee payment by Defendant's mother. The Magistrate Judge points out, and the Court agrees, that Defendant fails to state whether this information was or was not utilized with the Government in plea negotiations. Defendant also cannot show that these two minor points would have resulted in plea negotiations yielding a better plea offer.

Defendant is simply wrong in his continued assertion that trial counsel was ineffective in failing to advise him of the availability of a fast-track plea agreement. The United States Sentencing Guidelines § 5K3.1 authorizes a downward departure of up to four levels pursuant to a fast-track or early disposition program. Such a program must be authorized by the United States Attorney General and the United States Attorney for the district in which the court resides. Such a program is not available now and was not available at the time of Defendant's plea negotiations for the crimes for which the Defendant was charged.

Defendant also objects to the Magistrate Judge's finding that his claim that the Government's failure to provide him with *Brady* material was procedurally defaulted, that he has not demonstrated cause and prejudice for such a failure or that the information was not available to him prior to his appeal. Defendant admits that Immigration form I-213, which contains information about the Government witnesses, was available to him at the time of his appeal. Defendant simply believes that other information should have been made

1  available such as criminal backgrounds for the witnesses derived from state or foreign
2  records and FBI rap-sheets. But Defendant has no evidence that the information about the
3  material witnesses contained on Form I-213 is incomplete or that there was any criminal
4  record of these material witnesses to disclose.  The Court finds Defendant's argument to be
5  without merit and agrees with the Magistrate Judge that there was a procedural default that
6  is not excused as to Ground Three.

7  Defendant objects to the finding that his counsel was not ineffective on appeal for
8  failing to raise the sufficiency of evidence claim. The Court also agrees with the Magistrate
9  Judge on this issue.  Defendant has not demonstrated that counsel's failure to raise the non-
10 meritorious claim of insufficiency of the evidence fell below an objective standard of
11 reasonableness or that there was a lack of evidence that an appellate court would have found
12 warranted relief. Defendant continues to ignore the overwhelming evidence and strength of
13 the Government's case against him.

14 Throughout his objections Defendant attempts to paint his claims of ineffective
15 assistance of counsel as a lack of communication that was the fault of defense counsel.  One
16 of the two issues raised on appeal was the claim that the Court erred in failing to grant
17 Defendant's requests for new counsel.  The appellate court affirmed the Court's denial of new
18 counsel concluding, as had this Court, that the disagreements between Defendant and counsel
19 were related solely to their differing views regarding the strength of the evidence and wisdom
20 of accepting the Government's plea offer. The record reflects that if there was a lack of
21 communication it was a lack of Defendant's willingness to communicate with counsel and
22 not the lack of defense counsel attempting to communicate with Defendant.  This Court's
23 inquiry of the Defendant at the time of the requests for new counsel addressed these issues
24 and Defendant cannot now complain that his refusals to communicate fully with his lawyer
25 and to give serious consideration to his lawyer's advice with respect to the strength of the
26 Government's case and the advisability of accepting a plea offer can now justify the setting
27 aside of his conviction and sentence.

28 IT IS ORDERED overruling Defendant's objections to the Magistrate Judge's Report

1 and Recommendation.

2     IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

4     IT IS FURTHER ORDERED that Defendant's 2255 Motion is denied.

5     IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed *in forma pauperis* on appeal is denied because jurists of reason would not find it debatable whether the motion states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

11     DATED this 17th day of September, 2012.

                              */s/ Susan R. Bolton*
                              Susan R. Bolton
                              United States District Judge